UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20605-CIV-KING

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.

HEMBREE CONSULTING SERVICES, INC.,
LARRY HEMBREE, and XTEC, INC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendants HEMBREE CONSULTING SERVICES, INC. and LARRY HEMBREE's Motion to Dismiss (DE 15), filed May 11, 2015. Defendants argue that this insurance coverage dispute should be dismissed for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, because the events giving rise to this action occurred outside of the Southern District of Florida. The Court, being briefed on the matter,[1] finds that the Motion should be denied.

---

[1] The Court has additionally considered Plaintiff Mesa Underwriters Specialty Insurance Company's Response in Opposition to the Motion to Dismiss (DE 21), filed June 12, 2015, Defendant XTec, Inc.'s Response in Opposition to the Motion to Dismiss (DE 22), filed June 12, 2015, and Defendants Hembree Consulting Services, Inc. and Larry Hembree's Reply in support of Motion to Dismiss (DE 23), filed June 22, 2015.

1

## I. BACKGROUND

On February 13, 2015, Plaintiff Mesa Underwriter's Specialty Insurance Company ("MUSIC") filed a two-count Complaint (DE 1) against Defendants Hembree Consulting Services, Inc. ("HCS"), Larry Hembree, and XTec, Inc ("XTec"), which seeks a declaration that MUSIC has no duty to defend or indemnify HCS or Hembree under a certain insurance policy issued by MUSIC to HCS.

MUSIC is a New Jersey corporation with its principal place of business in New Jersey. HCS is an Indiana corporation. Hembree resides in Indiana, and is the president of HCS. XTec is a Florida corporation that transacts business in Miami-Dade County, Florida.

MUSIC issued a general liability insurance policy to HCS through an Indianapolis insurance agency acting as its authorized agent; effective January 17, 2014 through January 17, 2015. In February of 2014, XTec filed suit against HCS and Hembree in Miami-Dade County, Florida (the "underlying action"). Hembree's insurance agent informed MUSIC about the underlying action, and MUSIC sent Hembree a letter from Horsham, Pennsylvania, on December 1, 2014, denying coverage.

The instant action alleges that MUSIC has no obligation to defend HCS or Hembree in the underlying action because of the applicability of certain exclusions in the general liability insurance policy.

## II. LEGAL STANDARD

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides for dismissal of an action on the basis of improper venue. In considering a motion under Rule 12(b)(3), a

court must accept the facts in a plaintiff's complaint as true. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla.2004). For defenses raised under Rule 12(b)(3), the court may consider matters outside the pleadings if presented in proper form by the parties. *See Transmirra Prods. Corp. v. Fourco Glass Co.*, 246 F.2d 538–39 (2d Cir. 1957) (resolving motion to dismiss because of improper venue "in the usual manner on affidavits, here supplemented by answers to interrogatories, and a deposition from one of defendant's employees in the district, rather than by a full trial"); *see generally* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2d ed. 1990). Where conflicts exist between allegations in the complaint and evidence outside the pleadings, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai*, 315 F. Supp. 2d at 1268.

### III. DISCUSSION

Hembree and HCS seek dismissal of the Complaint on the basis of improper venue. MUSIC argues that venue is proper in this Court because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2). MUSIC maintains that the event giving rise to the instant action is the underlying action, which is ongoing in the Southern District of Florida. Hembree and HCS disagree, and argue that the events giving rise to the instant action are Hembree and HCS's demand for, and MUSIC's denial of, coverage for the underlying action, which occurred in Indiana. However, both sides are correct, because all of the events described above gave rise to the claim in this action.

The declaratory judgment claims arise from an insurance policy issued and delivered in Indiana, but the coverage dispute concerns the underlying action, which is pending in this district. Thus, venue is proper in more than one district, and Defendants' motion must be denied. *See Hartford Cas. Ins. Co. v. Sany America, Inc.*, 991 F. Supp 2d 1303, 1306-07 (N.D. Ga. 2014); *see also Kolodziej v. Mason*, No. 10-2012, 2011 WL 2009468 (N.D. Ga. May 20, 2011).

## IV. CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendants' Motion to Dismiss **(DE 15)** be, and the same is, hereby **DENIED**. Defendants LARRY HEMBREE and HEMBREE CONSULTING SERVICES, INC. shall **ANSWER** the Complaint **(DE 1)** within **twenty (20) days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 2nd day of October, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc: All Counsel of Record